**Altin HAXHARI, Rita Haxhari,**
**Petitioner,**

v.

**26**

Alberto R. GONZALES[1], Attorney General of the United States, Respondent.

No. 04–4430–AG.

United States Court of Appeals, Second Circuit.

July 20, 2006.

Charles Christophe, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Delora L. Kennebrew, Assistant United States Attorney, Savannah, GA, for Respondent.

Present PIERRE N. LEVAL, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Altin and Rita Haxhari petition for review of the BIA's August 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Barbara A. Nelson's order denying their applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering them removed. We assume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented by this petition.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). In addition, when the BIA

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard.

■ First, the IJ found Altin Haxhari's testimony regarding an incident with respect to which he originally asserted that he was required to receive medical attention after being attacked because of his participation in a Democratic Party demonstration to be both internally inconsistent and inconsistent with other evidence. Specifically, the IJ determined that, where Altin testified during cross-examination that he was not injured, when counsel confronted him with the medical report, which listed multiple injuries he received, he testified that he was in fact injured. The IJ also pointed out that, although Altin stated he walked to the clinic for medical attention, the report indicated that he received attention at his home. The IJ's determination is supported by substantial evidence inasmuch as these contradictions go to the heart of Altin's claim. Although the IJ did not specifically dismiss Altin's explanation that he was nervous, she did state that she did "not believe that the respondent would fail to remember whether he got medical treatment or whether he got such medical treatment in his home or in the doctor's clinic, and he would certainly remember whether he received injuries." IJ decision, March 12, 2003, at 9. The IJ need not, in any event, have credited Altin's explanation that he provided inconsistent testimony because he was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005) (affording deference to the IJ's credibility findings because a petitioner "must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony").

This Court's review of an IJ's adverse credibility finding, based on an applicant's demeanor, is highly deferential. *Id.* at 79–80, 81 n. 1; *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7. We find no basis in the record to question the IJ's conclusion as to Altin's credibility here. The IJ also determined that Altin's testimony lacked sufficient detail and corroboration with respect to his connection to the Democratic Party. The BIA added to the IJ's finding that Altin failed to sufficiently expand on his involvement with the "Expose the Persecutors Association" and involvement with the "October 1st campaign."

Where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003). Without so probing, however, the fact-finder may fail to create a record that can support an adverse credibility finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing). Here, the IJ noted that Altin failed to provide details in his testimony regarding his membership and activities in the Democratic Party that would warrant the type of mistreatment that Altin alleged by the opposition. On cross-examination, Altin testified that he "was a general member. [He] wasn't someone higher up. [He] didn't have a big position. But as a general member, that [he] was a very vocal member." The IJ acted reasonably in de-

28

termining that that testimony lacked detail, thus undermining Altin's credibility.

An applicant's failure to corroborate his testimony may also bear on credibility, either because the absence of particular corroborating evidence raises a reasonable suspicion as to his veracity, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006) (presenting the latter situation). Here, the IJ's finding that Altin's failure to provide documentary evidence to rehabilitate his testimony undermined his credibility was based on substantial evidence.

To the extent that the IJ concluded that the Haxharis had obtained a "safe haven" in Greece as an "adverse factor" supporting a discretionary denial, while we harbor some doubt about the conclusion, it was an alternate basis for denying the Haxharis's applications, and the IJ's conclusions stand without it. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

In addition to the IJ's findings, the BIA also referred to the lack of detail in Altin's testimony regarding his involvement in the "Expose the Persecutors Association" and his participation in the "October 1 campaign." Altin testified that he was a "general member" of the Democratic Party. Although he claimed to have been involved in the "Expose the Persecutors Association" and participated in the October 2001 campaign, he provided no further details.

The BIA further determined that Altin's testimony lacked detail with respect to his claims that people came to his house searching for religious artifacts and icons and that his house was fired upon by Socialists, even though he did not see who was responsible. According to Altin's testimony, "they" came to his house. Altin did not explain who "they" were. And with respect to gunshots allegedly fired on his house, Altin stated that it was a "band" under the control of the Socialist Party that was responsible, even though he testified he never saw who was actually shooting. The responsibility of the Party was therefore speculation. The BIA therefore properly concluded, after a review of the evidence, that there was nothing to indicate that the search of Altin's house was anything other than a burglary or attempted burglary. Thus, despite any errors, both the BIA's and IJ's decisions are supported by substantial evidence.

■ Because the Haxharis' withholding of removal and CAT claims were based on the same assertions as the asylum claims, the adverse credibility finding can properly be applied to these claims. *See Xue Hong Yang v. Gonzales,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire,* 357 F.3d at 185.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).